UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**RAYMOND LEWIS WIMBUSH**                                                          **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 5:21-cv-154-BJB

**DETECTIVE CARTER et al.**                                                       **DEFENDANTS**

### MEMORANDUM OPINION

*Pro se* Plaintiff Raymond Lewis Wimbush, proceeding *in forma pauperis*, filed this 42 U.S.C. § 1983 lawsuit while he was a pretrial detainee at the Christian County Jail.[1] On screening under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court dismisses this lawsuit.

### I. STATEMENT OF CLAIMS

Plaintiff sues Oak Grove Police Detective Carter in his individual and official capacities, as well as the Oak Grove Police Department. Plaintiff alleges:

> On or about 03-05-2021, I was accused of taking a chain saw, weedeater, [and] 2 bows from my neighbor's shed. During the time I was [a] suspect, Investigator Carter of the Oak Grove Police Dept. went t[o] Cowboy Dan's Trading Post and Pawn and seized items that I had previously pawned them and said to the owners, "That I had stole the items out of a shed.["] This allegation was not true. Cowboy Dan's Trading Post and Pawn disclosed this information to me after I contacted them in reference to conducting other business with them. It was said that the items seized was stolen from a shed and my business with them was obsolete until the items Carter took was returned. However the items haven't been returned yet.

DN 1-3 at 5.

Plaintiff further alleges, "My 1st Amendment have been violated. The right of enjoying their lives and liberties[;] The right of seeking and persuing their safety and happiness[;] The

---

[1] Since then, Plaintiff has notified the Court that he has been released. *See* DN 6.

right of acquiring and protecting property." *Id.* He states, "This incident ha[s] [a]ffected my life in multiple ways, retaliation, libel and slander. I feel like this imputes dishonesty and it reflec[ts] on my character and integrity and it's subject to the loss of my public confidence and respect." *Id.*

Plaintiff asks for monetary damages. *Id.* at 6.

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true. But the Court has no obligation to accept "fantastic or delusional" allegations. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a reviewing court liberally construes *pro se* pleadings, *see id.*; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### A. Claims against Defendant Oak Grove Police Department and Defendant Carter in his official capacity

Because municipal departments, such as police departments, may not be sued under § 1983, the Court considers the municipality, *i.e.*, the City of Oak Grove, to be the proper Defendant. *See Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991), *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022) ("[W]e have held that § 1983 plaintiffs could not sue a county's police department[.]"); *Matthews v. Jones*, 35 F.3d 1046, 1049

(6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Similarly, claims against Defendant Carter in his official capacity must be construed as claims against the governmental entity employing him -- the City of Oak Grove. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews*, 35 F.3d 1049. Further, a city is a "person" for purposes of § 1983; such "[l]ocal governing bodies . . . can be sued directly under § 1983." *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court will therefore construe the claims against Defendant Oak Grove Police Department and against Defendant Carter in his official capacity as brought against the City of Oak Grove.

The Supreme Court has recognized that a municipality is not automatically liable for "an injury inflicted solely by its employees or agents." *Id.* at 694, 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor.") (emphasis in original); *see also Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (no vicarious liability for constitutional violations committed by city employees). Instead, the municipality may be held liable only if the government itself is to blame for the unconstitutional acts—that is, if it adopted or ratified a policy or custom that caused the harm inflicted by its officers or employees. *Monell*, 436 U.S. at 694 ("[T]he government as an entity is responsible under § 1983" only "when execution of a government's policy or custom . . . inflicts the injury[.]"). Congress did not render municipalities liable, in other words, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691.

Proving this requires a plaintiff to "point to a municipal 'policy or custom' and show that it was the 'moving force' behind the constitutional violation." *Crabbs v. Scott*, 800 F. App'x 332, 336 (6th Cir. 2020) (quoting *Monell*, 436 U.S. at 694). Here, Plaintiff has not identified a

custom or policy responsible for an alleged constitutional deprivation related to the allegations in his Complaint. The Court dismisses these claims for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims against Defendant Carter

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint refers to only one constitutional provision: the First Amendment: "My 1st Amendment have been violated. The right of enjoying their lives and liberties[;] The right of seeking and persuing their safety and happiness[;] The right of acquiring and protecting property." DN 1-3 at 5.

The First Amendment of the United States Constitution does not enshrine any of these rights. *See* U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."); s*ee also Riddle v. Russell*, No. 2:22-CV-11315, 2022 WL 2276338, at *2 (E.D. Mich. June 23, 2022) ("Plaintiff claimed only that his right to '1st Amend[ment] Life, Liberty, and the Pursuit of Happiness' was violated. . . . [T]he First Amendment does not guarantee life, liberty, and the pursuit of happiness[.]").

The Court presumes that Plaintiff is actually broadly quoting from Section 1 of the Kentucky Constitution, which provides in pertinent part:

> All men are, by nature, free and equal, and have certain inherent and inalienable rights, among which may be reckoned:
>
> First: The right of enjoying and defending their lives and liberties.

4

> . . .
>
> Third: The right of seeking and pursuing their safety and happiness.
>
> . . .
>
> Fifth: The right of acquiring and protecting property.

Ky. Const. § 1.  Plaintiff cannot bring a § 1983 lawsuit under the Kentucky Constitution because the state constitution is not federal law.  And, in any event, "[S]ection [1] of the Kentucky Constitution does not give way to a private cause of action." *Allen v. Aramark Corp.*, No. 3:07-CV-P260-M, 2007 WL 3120088, at *2–3 (W.D. Ky. Oct. 23, 2007).

Plaintiff alleges that because Defendant Carter informed Cowboy Dan's (falsely, according to Plaintiff) that Plaintiff had pawned stolen items there, Plaintiff suffered libel and slander – from Defendant Carter's discussion of his alleged crime – and retaliation from Cowboy Dan's refusal to do business with him until the items seized by Detective Carter are returned. DN 1-3 at 5.

To the extent that Plaintiff is alleging a retaliation claim against Cowboy Dan's, the First Amendment to the U.S. Constitution as well as other federal laws recognize claims for retaliation in certain contexts.  *See, e.g.*, *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) (comparing anti-retaliation provisions in the Age Discrimination in Employment Act with that in Title VII of the Civil Rights Act of 1964); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (discussing First Amendment retaliation claim in the prison context).  Cowboy Dan's, however, is not a Defendant.[2]  Further, adding Cowboy Dan's as a Defendant would be futile in this § 1983 lawsuit because it is a private entity, not a state actor.  *See Brotherton v.*

---

[2] Plaintiff originally listed Cowboy Dan's as a Plaintiff.  *See* DN 1.  The Court dismissed Cowboy Dan's as a party to this lawsuit because, as an artificial entity, it must be represented by counsel and cannot be represented by *pro se* Plaintiff.  *See* DN 11.

*Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999) ("A § 1983 plaintiff may not sue purely private parties."). Plaintiff therefore fails to state a state a federal claim for retaliation.

Libel and slander are state-law claims "and do not involve the violation of any rights secured by the federal Constitution or the laws of the United States." *Baytops v. Morrison*, No. 2:20-CV-12786, 2020 WL 6316812, at *3 (E.D. Mich. Oct. 28, 2020) (and cases cited therein). Plaintiff therefore fails to allege a § 1983 claims against Defendant Carter based on libel or slander.

Because the Court dismisses the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims of libel and slander against Defendant Carter. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The Court therefore will dismiss the state-law claims without prejudice.

Date: July 11, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
B213.009

6